

# THE ATTORNEY GENERAL

## OF TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

April 30, 1957

Overruled By:

# _____JM-623_____
IN PART

Honorable M. B. Morgan
Commissioner, Bureau of
Labor Statistics
Austin, Texas.

OPINION NO. WW-114

Re: Does the opinion of the
Court in St. Louis South-
western Railway Company
v. Griffin, 106 Tex.477,
171 S.W. 703,(1914) inval-
idate Article 5196,Ver-
non's Civil Statutes
(Blacklisting Law) in its
entirety, or is the opin-
ion limited to a holding
on the validity of Sect-
ion 3 of Article 5196

Dear Mr. Morgan:

alone?

This Opinion is in response to your letter of April 11,
1957, concerning the present status of Article 5196,Vernon's
Civil Statutes.   In this request you ask a question which
is substantially as follows:

Does the opinion of the Supreme Court of Texas
in St. Louis Southwestern Railway Company v. Griffin,
106 Tex. 477, 171 S.W. 703 (1914) invalidate all of
Article 5196, Vernon's Civil Statutes, or was the
opinion limited to a holding on Section 3 of the
Article with the result that the remainder of the
Act is constitutional?

The Supreme Court of Texas in the Griffin case was in-
terpreting the provisions of a prior Act, Article 594, Rev-
ised Civil Statutes, 1911.   Attorney General's Opinion No.
0-3562, from which you quoted in your request, sets out the
history of the present form of the Act, Article 5196, Ver-
non's Civil Statutes; and points out that this latter Art-
icle is virtually identical in language to that of Article
594.

The Court, after finding the Act unconstitutional be-
cause of provisions of Section 3, then proceeds to set out
other grounds to support their conclusion.   In doing so, it
sets out an analysis of other sections of the Act, and
points out within the provisions of these other sections

additional grounds for holding the Act unconstitutional. It then states, "Beyond controversy, the Act of the Legislature is void, unless it can be sustained as an exercise of the police power". The opinion then goes on to hold that the Act cannot be sustained as an exercise of the police power, and is void. The concluding language of the Court is as follows:

> "The subject of legislation in this statute and its various provisions, as stated above, are purely personal as between the employee and the corporation and do not directly affect the public, in health, safety, comfort, convenience, or otherwise. The Act is in violation of the Constitution of this State and of the United States, and is void."

It seems clear to us that the Supreme Court in the Griffin case, was definitely not limiting its holding to an interpretation of Section 3 of Article 594, R.C.S. 1911, but, to the contrary, was quite definite that it should declare the act void in its entirety.

As pointed out in Attorney General's Opinion No. 0-3562, though the Court in the Griffin case was ruling on a prior law, the acts are so similar that the Court's opinion may also be cited as controlling on the present form of the Act, Article 5196.

## SUMMARY

The opinion of the court in St. Louis Southwestern Railway Co. v. Griffin, 106 Tex. 477; 171 S.W.703 (1914) invalidated the entire act which is now Article 5196, V.C.S.

Very truly yours,

WILL WILSON
Attorney General of Texas

By

Wayland C. Rivers, Jr.
Assistant

WCR:jl:rh

APPROVED:

OPINION COMMITTEE:

H. Grady Chandler, Chairman

W. V. Geppert

Edwin P. Horner

Wm. R  Hemphill

REVIEWED FOR THE ATTORNEY GENERAL
BY

   Geo. P. Blackburn